# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CURTIS D. SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EDWARD BAKER, LISA MCGRANAHAN, UNKNOWN INDIVIDUALS,<br><br>　　　　Defendants. | No. C11-1049-LRR<br><br>ORDER |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on November 17, 2011. The clerk's office filed the case in this district on November 21, 2011. Prior to the case being transferred or on November 14, 2011, the plaintiff submitted an application to proceed in forma pauperis (docket no. 2). Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

Based on the plaintiff's statements, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because

it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the plaintiff's statements, the court finds that the initial partial filing fee is $1.10. *Id*. The plaintiff shall submit $1.10 by no later than February 20, 2012. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the

plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate. The court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[1]

---

[1] Before proceeding with his action, the plaintiff should be aware that, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). In light of such standard, the plaintiff should keep in mind that he readily admits in his complaint the following: (1) he told officials that he took the wrong medicine; (2) he disliked being placed in administrative segregation; (3) he flooded his cell and smeared his own excrement on the walls because he wanted to attract the attention of a shift captain or sergeant; (4) officials turned off the water to his sink and toilet; (5) he remained in his cell with his own excrement for four hours or until officials removed him from his cell and cleaned it; (6) he was unable to use his sink or flush his toilet for the rest of the day; (7) he had access to water and took a shower during recreation time the following day; (8) correctional officers instructed him to return to his cell; (9) he did not return to his cell and became involved in an altercation with a correctional officer; and (10) he was found guilty of assault. So, it appears from the plaintiff's admissions that many, if not all, of the conditions that he experienced resulted from his own disruptive actions. Additionally, the plaintiff should keep in mind the following: (1) a prisoner is entitled to procedural due process only if the restraint on liberty of which he complains imposes "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), and a demotion to segregation, even without cause, is not itself an atypical and significant hardship, *see Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); (2) an inmate claiming retaliation is required to meet a substantial burden of proving the actual motivating factor for the adverse action, *e.g.*, placement in administrative segregation, is as alleged, *see Griggs v. Norris*, 297 F. App'x 553, 555 (8th Cir. 2008); (3) for excessive force claims, the appropriate inquiry is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them and stating that the facts and circumstances include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, whether the suspect actively resisted arrest or attempted to evade arrest by flight and the extent of the suspect's injuries, *see Rohrbough v. Hall*, 586 F.3d 582, 585-86 (8th Cir. 2009); and (4) compensatory damages are only

(continued…)

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 2) is granted.

2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $1.10 by no later than February 20, 2012. The instant action will be dismissed unless either the initial partial filing fee of $1.10 is received by February 20, 2012 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

---

[1](…continued)
available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering and punitive damages are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference, *see Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages under 42 U.S.C. § 1997e(e) and the standard for awarding punitive damages).

6) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 26th day of January, 2012.

*[signature]*

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Newton Correctional Facility, Newton, Iowa

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Curtis Smith, #6035808, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Smith v. Baker et al.*, Case No. C11-1049-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $1.10, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K. Jorgensen*, Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa